UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRENCHY'S CORPORATE, INC.,

    Plaintiff,

v.

FRENCHY'S PIZZERIA & TAVERN, INC., MARK C. SPIER, and ANDREA FRENCH,

    Defendants.

Case No.:

## **VERIFIED COMPLAINT**

Plaintiff, FRENCHY'S CORPORATE, INC. ("Frenchy's"), hereby files this complaint against Defendants, FRENCHY'S PIZZERIA & TAVERN, INC. ("FP&T"), MARK C. SPIER ("Spier") and ANDREA FRENCH ("French") (collectively "Defendants"), and states as follows:

## **NATURE OF THE ACTION**

1. This is an action for trademark infringement of the unregistered term "FRENCHY'S" under the federal trademark law 15 U.S.C. §1125 (§43(a) of the Lanham Act), unfair competition under the Lanham Act §43(a); and violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (Fla. Stat §§501.201 to 501.213).

## **PARTIES**

2. Frenchy's is a corporation organized and existing under the laws of the State of Florida with its principal place of business in Clearwater, Florida.

3. Frenchy's has been operating restaurants in the Clearwater Beach area since at least 1981.

4. Frenchy's has been providing restaurant services in connection with the name "FRENCHY'S" since 1981.

5. FP&T is a corporation organized under the laws of the State of Florida with its principal place of business located in Trinity, Florida.

6. FP&T operates a restaurant under the name "Frenchy's Pizzeria & Tavern" in Trinity, Florida.

7. Spier is a Florida resident identified as the president of FP&T on the Florida Secretary of State's website. A copy of the FP&T's listing on the Florida Secretary of State's website is attached as **EXHIBIT A.**

8. French is a Florida resident identified as the manager of FP&T on the Florida Secretary of State's website.

## JURISDICTION AND VENUE

9. This litigation arises under federal law. This action presents a federal question arising under the Lanham Act, 15 U.S.C. §1051, *et seq*.

10. Personal jurisdiction exists over Defendants in this District where a substantial part of the actions, events and/or omissions giving rise to Frenchy's claims against Defendants originated in, occurred in, were directed to and/or were directed and controlled from within the State of Florida and this District. Specifically, Defendants' restaurant is located in this District.

11. Venue is proper in this District under 28 U.S.C. §1391(b) and (c) where a substantial part of the events giving rise to Frenchy's claims have occurred and will continue to occur in the Middle District of Florida.

## FACTS RELATIVE TO ALL COUNTS

12. In 1981, Frenchy's opened a small restaurant called "Frenchy's Original Café" in Clearwater Beach, Florida.

13. Through its hard work, Frenchy's was able to open additional restaurants in Clearwater Beach. All of the Frenchy's restaurants have distinguishing names, but they all share the moniker "FRENCHY'S$^{TM}$".

14. In 1989, Frenchy's opened "Frenchy's Saltwater Café" in Clearwater Beach.

15. Next, Frenchy's opened "Frenchy's Rockaway Grill" in Clearwater Beach in 1991.

16. Then, in 2003, Frenchy's opened "Frenchy's South Beach Café" in Clearwater Beach.

17. Most recently, Frenchy's opened "Frenchy's Outpost Bar & Grill" in Dunedin, Florida in 2013. Together, the restaurants are the "Frenchy's Restaurants".

18. Further, Frenchy's operates associated businesses called "Frenchy's Stone Crab," in Palm Harbor, Florida, "Frenchy's Oasis Motel," "Frenchy's Seafood Company" and "Frenchy's Off the Hook Gift Shop" in Clearwater Beach, Florida.

19. The Frenchy's Restaurants are all casual style restaurants with a tropical beach motif. The Frenchy's Restaurants all offer distinct menus, but each follows the general theme with various seafood items.

20. Due to its proliferation and dedication to excellence in food service, ambiance and décor, the Frenchy's Restaurants have become a destination for vacationers and visitors and a favorite for local patrons.

21. Moreover, due to Frenchy's exclusive and continuous use of the "FRENCHY'S$^{TM}$" mark since 1981, Frenchy's has earned substantial good will in the "FRENCHY'S$^{TM}$" mark throughout the State of Florida and the United States. Accordingly, the "FRENCHY'S$^{TM}$" mark is a source identifier for Frenchy's goods and services.

22. On or about January 15, 2018, representatives from Frenchy's became aware that Defendants intended to open a restaurant called "Frenchy's Pizzeria & Tavern" in New Port Richey, Florida, a mere twenty-eight (28) miles from Clearwater Beach. On information and belief, Defendants intended to open the restaurant on February 1, 2018.

23. On January 16, 2018, representatives of Frenchy's issued a cease and desist letter to Defendants asserting Frenchy's trademark rights in the "FRENCHY'S$^{TM}$" name. The January 16, 2018 letter requested that Defendants cease and desist use of the "FRENCHY'S$^{TM}$" name and takedown their unauthorized website promoting the same. Frenchy's put Defendants on notice that it would resort to legal action if Defendant perpetuated the unauthorized use. The January 16, 2018 letter is attached hereto as **Exhibit B**.

24. Defendants maintained a website at www.frenchyspizzeria.com. Upon becoming aware of the website, Frenchy's further asserted its rights in the "FRENCHY'S" mark by submitting a takedown notice to Defendant's website host, Blue Host, on January 17, 2018. Blue Host agreed that Defendants were infringing on Frenchy's rights in the "FRENCHY'S" mark and demanded that Defendants remove any infringing content within

forty-eight (48) hours. Defendants failed to comply with Blue Host's demands and neglected to respond entirely. Accordingly, Blue Host suspended Defendants' access website on January 19, 2018.

25. Defendants did not respond to Frenchy's January 16, 2018 letter, and, upon information and belief, thereafter opened "Frenchy's Pizzeria & Tavern" on February 1, 2018.

26. Defendants continue to operate as "Frenchy's Pizzeria & Tavern" without Frenchy's authorization or approval. Frenchy's has been damaged by this use of the "FRENCHY'S$^{TM}$" mark by Defendants and Frenchy's will continue to be damaged if Defendants' unlawful use is permitted to continue.

27. Defendants' use of "Frenchy's Pizzeria & Tavern" in connection with the provision of restaurant services and related goods and services has already caused consumers to confuse the source of those goods and services as those of Frenchy's and the sponsorship of such goods and services as those of Frenchy's.

28. Defendants' continued operation of its restaurant as "Frenchy's Pizzeria & Tavern" will be detrimental to Frenchy's.

## COUNT I
### Infringement under Lanham Act §43(a)

29. Frenchy's incorporates by reference preceding paragraphs 1 through 28.

30. Frenchy's has not authorized the current use of the "FRENCHY'S$^{TM}$" mark by Defendants in any manner.

31. Consumers have confused and will continue to confuse Defendants' use of the "FRENCHY'S$^{TM}$" mark with Frenchy's rightful use of the "FRENCHY'S$^{TM}$" mark in the marketplace.

32. This confusion will continue unless enjoined by the Court.

33. Frenchy's has been damaged and will be continue to be irreparably damaged by Defendant's unauthorized use of the "FRENCHY'S$^{TM}$" mark. Such damage will continue unless enjoined by this Court. Frenchy's is irreparably injured by the unauthorized use of its trademark.

## COUNT II
### Unfair Competition under Lanham Act §43(a)

34. Frenchy's incorporates by reference preceding paragraphs 1 through 33.

35. Frenchy's has not authorized Defendant's current use of the "FRENCHY'S$^{TM}$" mark in any manner.

36. Defendants' promotion, advertising and offering of restaurant services in connection with "Frenchy's Pizzeria & Tavern" is unfair competition in violation of Lanham Act §43(a), 15 U.S.C. §1125.

37. On information and belief, Defendants have acted willfully, intentionally and deliberately in derogation of Frenchy's rights.

38. Frenchy's has been damaged by Defendants' use of the "FRENCHY'S$^{TM}$" mark. Such damage will continue unless enjoined by this Court. Frenchy's is being irreparably injured by the unauthorized use of its trademark.

## COUNT III
### Violation of the Florida Deceptive and Unfair Trade Practices Act
### (Fla. Stat. §§501.201 to 501.212)

39. Frenchy's incorporates by reference preceding paragraphs 1 through 38.

40. Frenchy's has not authorized Defendants' use of the "FRENCHY'S" mark in any manner.

41. Defendants' promotion, advertising and offering of restaurant services in connection with "Frenchy's Pizzeria & Tavern" is unfair competition and constitutes deceptive acts or trade practices in violation of Florida Deceptive and Unfair Trade Practices Act (Fla. Stat. §§501.204) and common law.

42. On information and belief, Defendants have acted willfully, intentionally and deliberately in derogation of Frenchy's rights.

43. Frenchy's has been damaged by Defendant's use of the "FRENCHY'S$^{TM}$" mark. Such damage will continue unless enjoined by this Court. Frenchy's is irreparably injured by the unauthorized use of its trademark.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff Frenchy's Corporate, Inc. seeks judgment awarding the following relief:

A. A judgment declaring that Defendants' use of a "FRENCHY'S$^{TM}$" mark infringes Frenchy's trademark rights;

B. An order preliminarily and permanently restraining Defendants or any subsidiaries, employees, agents or servants thereof, from using a "FRENCHY'S$^{TM}$" mark in connection with restaurant services or any mark or design which is likely to cause confusion, to cause reverse confusion, to cause a mistake, or cause deception with Frenchy's "FRENCHY'S$^{TM}$" mark;

C. An order mandating that all infringing advertising and promotional materials, as well as any products, in the possession of, or subject to control by Defendants or any employees, agents or servants thereof, infringing on the "FRENCHY'S$^{TM}$" mark be

relinquished, destroyed or altered to eliminate any possibility of offering services under an infringing mark;

D.      An award of damages sufficient to compensate Frenchy's for Defendants' acts of infringement;

E.      An award of treble damages under 15 U.S.C. §1117;

F.      An award to Frenchy's for its costs and fees;

G.      An award to Frenchy's of its attorneys' fees and expenses in this action pursuant to the Lanham Act and FDUTPA.

H.      An order granting all other relief found necessary, just and proper under the circumstances, including monetary damages to which Frenchy's may be entitled.

DATED: February 21, 2018

                              FRENCHY'S CORPORATE, INC.

                              /s/ Dave L. Luikart III
                              David L. Luikart III – Trial Counsel
                              Florida Bar No.: 021079
                              dave.luikart@hwhlw.com
                              michelle.armstrong@hwhlaw.com
                              HILL, WARD & HENDERSON, P.A.
                              101 East Kennedy Blvd., Suite 3700
                              Post Office Box 2231
                              Tampa, Florida 33601
                              (813) 221-3900 (Telephone)
                              (813) 221-2900 (Facsimile)
                              *Attorney for Plaintiff*

Christopher T. Sheean
Eric J. Skwiat
Swanson, Martin & Bell LLP
330 North Wabash Avenue, Suite 3300
Chicago, Illinois 60611
Tel: (312) 321-9100
csheean@smbtrials.com
eskwiat@smbtrials.com
*Of Counsel*

# VERIFICATION

The undersigned certifies under penalty of perjury under the laws of the United States of America, the Federal Rules of Civil Procedure and United States Code, that the foregoing factual statements set forth in this Verified Complaint are true and correct, except as to matters stated on information and belie, which the undersigned verily believes to be true.

Signature: *Pamela Ball*

Printed Name: Pamela Ball

Date: 2-20-18