UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRENCHY'S CORPORATE, INC.,

  Plaintiff,

v.            Case No. 8:18-cv-425-T-33JSS

FRENCHY'S PIZZERIA & TAVERN, INC.,
MARK C. SPIER and ANDREA FRENCH,

  Defendants.
_____/

**ORDER GRANTING FRENCHY'S CORPORATE, INC.'S MOTION FOR FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION**

This matter comes before the Court pursuant to Frenchy's Corporate, Inc.'s Motion for Final Default Judgment and Permanent Injunction (Doc. # 23), which was filed on March 28, 2018. As explained below, the Court grants the Motion.

**Legal Standard**

Federal Rule of Civil Procedure 55(a) sets forth the following regarding an entry of default:

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). DirecTV, Inc. v. Griffin, 290 F. Supp. 2d 1340, 1343 (M.D.

Fla. 2003).

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. See Tyco Fire & Sec. LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007) (citing Nishimatsu Constr. Co. v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. Id. A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal. Id.

**Discussion**

Frenchy's Corporate initiated this action on February 21, 2018, by filing a three-count complaint against Frenchy's Pizzeria & Tavern, Inc., Mark Spier, and Andrea French. (Doc. # 1). Count 1 seeks redress under the Lanham Act for trademark infringement. (Id.). Count 2 is also asserted under the Lanham act and seeks relief for unfair competition. (Id.). Finally, Count 3 seeks redress for violations of Florida's Deceptive and Unfair Trade Practices Act. (Id.). Frenchy's Corporate served Frenchy's Pizzeria and Spier on February 28, 2018. (Doc. ## 14, 16). Frenchy's Corporate served French on March 1, 2018. (Doc. # 15). The Affidavits of the process server

establish that the individual Defendants, Spier and French, are not members of the United States Armed Forces. (Doc. ## 15, 16). Thereafter, Frenchy's Corporate filed a Motion for Preliminary Injunction seeking an Order enjoining Defendants from using the "Frenchy's™" mark, among other relief. (Doc. # 17).

Defendants did not respond to the Complaint, and on March 26, 2018, Frenchy's Corporate sought entry of Clerk's Default against Defendants. (Doc. # 20). On March 27, 2018, the Clerk entered a Default against Defendants. (Doc. # 22).

Based upon the Clerk's entry of Default and the well-pled factual allegations contained in the Complaint and Motion for Preliminary Injunction, Frenchy's Corporate has established that Frenchy's Corporate, Inc. has a valid and enforceable trademark in the name "Frenchy's" in the restaurant goods and services sector. Frenchy's Corporate, Inc. has established its claim for infringement of an unregistered trademark and unfair competition under 15 U.S.C. § 1125(a) of the Lanham Act (Counts 1 and 2). In addition, Frenchy's Corporate, Inc. Has shown that Defendants violated Florida's Deceptive and Unfair Trade Practices Act (Count 3). Plainly, in Florida, "engaging in trademark infringement is an unfair and deceptive trade practice that violates [FDUTPA]." Slep-Tone Entm't Corp. v.

Snappers Bar & Grill, Inc., 8:12-cv-157-JSM-EAJ, 2013 WL 2039624, at *2 (M.D. Fla. May 15, 2013). In addition to establishing that it is entitled to all of the relief sought in the Complaint, Frenchy's Corporate, Inc. has demonstrated that it is entitled to a permanent injunction against Defendants which enjoins them from wrongfully infringing on the "Frenchy's™" mark. The Court further determines that a hearing on this matter is not needed.

Having reviewed the Motion and the file as a whole, it is accordingly,

**ORDERED, ADJUDGED,** and **DECREED**:

1. Frenchy's Corporate, Inc.'s Motion for Final Default Judgment and Permanent Injunction (Doc. # 23) is **GRANTED.**
2. Frenchy's Corporate, Inc. has a valid and enforceable trademark in the name "Frenchy's" in the restaurant goods and services sector.
3. Defendants, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them are immediately **PERMANENTLY ENJOINED** and **RESTRAINED** from
    a. Using Frenchy's Corporate, Inc.'s mark "Frenchy's™" as a trade name, company name, service mark, trade

mark, Internet domain name, or other URLS or in any manner in connection with the advertizing, promotion, offering for sale, sale, and/or rendering of restaurant services and any other related goods or services; and

b. Engaging in any acts of trademark, service mark, trade name infringement and/or using or engaging in any false description or representations or any false designations of origin and/or committing any acts of federal or state dilution and/or otherwise engaging in any facts of deceptive or unfair trade practices or unfair competition with respect to Plaintiff's mark, "Frenchy's™", in connection with the advertizing, promotion, offering for sale, sale and/or rendering of sales and services.

4. The Clerk is directed to enter **JUDGMENT** in favor of Plaintiff Frenchy's Corporate, Inc. and against Defendants Frenchy's Pizzeria & Tavern, Inc., Mark C. Spier, and Andrea French on Plaintiff's claims. The Clerk shall include in the Judgment that Defendants, their officers, agents, servants, employees, attorneys, and those persons in active concert and participation with them are permanently enjoined from the actions set

forth in subsections 3(a)-(b) above.

5.  Frenchy's Corporate, Inc. is entitled to an award of costs.

6.  The Clerk is directed to **CLOSE THE CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 30th day of March, 2018.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE